RECEIVED
JUN 16 2014
AT 8:30 _____M
WILLIAM T. WALSH
CLERK

In re <u>Obado vs. Ed Magedson</u>, et al/Case No. 13-cv-2382 (JAP-TJB)

## PLAINTIFF'S MEMORANDUM OF LAW REGARDING RELEASES

This memorandum of law of cited cases below, pertains to all Defendants involved in this civil case. Here their was no meeting of the minds, and mutual intention, for the Defendants usurp of Plaintiff's qualified right to publicity, as a new author, with a manuscript in the pipelines of a publishing company, and graduate applicant, to post Plaintiff's private information all over their websites, in a defamatory, and embarrassing manner.

"A written release ordinarily relieves a person of liability for all claims within the scope of the release, unless the release does not express the parties' mutual intention or was procured by fraud or other improper means." ( <u>Jefferson v. Department of Youth Authority</u> (2002) 28 Cal.4th 299, 305 [121 Cal. Rptr. 2d 391, 48 P.3d 423]; <u>Hess v. Ford Motor Co.</u> (2002) 27 Cal.4th 516, 524-526 [117 Cal. Rptr. 2d 220, 41 P.3d 46]; <u>Bardin v. Lockheed Aeronautical Systems Co.</u> (1999) 70 Cal.App.4th 494, 505 [82 Cal. Rptr. 2d 726].) Absent extrinsic evidence to the contrary, a broadly worded release, such as a release of "all claims," covers all claims within the broad scope of the language even if particular claims are not expressly enumerated or described more particularly in the release. ( <u>Jefferson</u>, supra, at pp. 305-306.) We construe a release under the same rules of construction applicable to other contracts. ( <u>Hess</u>, supra, at p. 524.)

We interpret a contract so as to give effect to the parties' mutual intention. (Civ. Code, § 1636; <u>Hess v. Ford Motor Co.</u>, supra, 27 Cal.4th at p. 524.) We ascertain that intention solely from the written contract, if possible, but also consider the circumstances under which the contract was made and the matter to which it relates. (Civ. Code, §§ 1639, 1647; <u>Hess</u>, supra, at p. 524.) We consider the contract as a whole and construe the language in context, rather than interpret a provision in isolation. (Civ. Code, § 1641.)

## PROMISSORY ESTOPPEL

In <u>Peck v. Imedia, Inc.</u>, 293 N.J.Super. 151, 679 A.2d 745 (App.Div.) certif. denied, 147 N.J. 262, 686 A.2d 763 (1996), we determined that an at-will employment contract offer was a "clear and definite promise" for purposes of promissory estoppel.   See id. at 165-68, 679 A.2d 745. The employment contract offer letter contained the position title, a "detailed position description, as well as information on benefits" and an annual salary. Id. at 156, 679 A.2d 745.   We recognized that even though an employer can terminate the employment relationship at any time, there may be losses incident to reliance upon the job offer itself.  Id. at 167-68, 679 A.2d 745. See also <u>Mahoney v. Delaware McDonald's Corp.</u>, 770 F.2d 123, 127 (8th Cir.1985) (holding that plaintiff's purchase of property for lease to defendant in reliance upon defendant's representation that "[w]e have a deal" created cause of action for promissory estoppel); <u>Bercoon, Weiner, Glick & Brook v. Manufacturers Hanover Trust Co.</u>, 818 F. Supp. 1152, 1161 (N.D.Ill.1993) (holding that defendant's representation that lease was "done deal" and encouragement of plaintiff to terminate existing lease provided plaintiff with cause of action for

1

promissory estoppel).Further, the Restatement (Second) of Contracts § 90 (1979), "Promise Reasonably Inducing Action or Forbearance," provides, in pertinent part:(1) A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise.   The remedy granted for breach may be limited as justice requires.

"Plaintiff, Pop's Cones, Inc., t/a TCBY Yogurt, ("Pop's"), appeals from an order of the Law Division granting defendant, Resorts International, Inc. ("Resorts"), summary judgment, and dismissing its complaint seeking damages predicated on a theory of promissory estoppel. Affording all favorable inferences to plaintiff's contentions, Brill v. Guardian Life Ins. Co. of America, 142 N.J. 520, 536, 666 A.2d 146 (1995), we conclude that Pop's presented a prima facie claim sufficient to withstand summary dismissal of its complaint.   See R. 4:46-2; Brill, supra, 142 N.J. at 540, 666 A.2d 146.   In reversing summary judgment, we rely upon principles of promissory estoppel enunciated in Section 90 of the Restatement (Second) of Contracts, and recent cases which, in order to avoid injustice, seemingly relax the strict requirement of "a clear and definite promise" in making a prima facie case of promissory estoppel." - POP'S CONES, INC., t/a TCBY Yogurt, Plaintiff-Appellant, v. RESORTS INTERNATIONAL HOTEL, INC. , Appellate Div. (1998),  See also Scott P. V. Craigslist, (California Superior Courts, 2012).

*[Signature]* Dated: June 16, 2014
Dennis Obado, Plaintiff

2